COFER, Justice
for the Court:
Deposit Guaranty National Bank obtained a deficiency default judgment against Empire Investment Corporation, which it purportedly assigned to B & B Incorporated, which assigned it, purportedly, to W. Lloyd Dickerson, one of appellants. Appellant Dickerson caused execution to issue on the judgment and appellant Sheriff McAdo-ry levied on the real estate in question which, at the entry of the judgment belonged to Empire Investment Corporation, but which after the judgment entry, it had sold, by warranty deed to appellee American Empire Life Insurance Company (Life Insurance).
Life Insurance brought this suit in the Chancery Court of the First Judicial District of Hinds County to enjoin the sale by the sheriff and for other relief, making appellant Dickerson a party also and in multiple amended bills of complaint, other parties, including appellant Buffington, were brought in as defendants.
At the conclusion of Life Insurance’s case in chief, the chancellor sustained defendants’ motion to exclude and dismissed the suit, from which Life Insurance appealed to this Court. The appeal resulted in reversal in American Empire Life Insurance Company v. McAdory, 319 So.2d 237 (Miss.1975).
The opinion rendered by this Court in that reversal is a masterful analysis and presentation of the issues and of the facts up to then adduced, which the author of the opinion conservatively said “are complicated.” Further details of the facts add nothing to this opinion. Reference is made thereto.
On the remand and after the pleadings had been perfected to a state satisfactory to the parties, the proof was resumed and all parties had their day in court.
The chancellor rendered and filed his opinion, which was, by reference, incorporated in the decree entered thereon, in which opinion he found that:
1. The $12,000 provided by defendants-appellants Dickerson and Buffington and Blackman, since deceased, was a loan to Empire Investment Corporation, calling for 20% interest, and was usurious and void;
2. Buffington was to use the $12,000 to pay off and satisfy the Deposit Guaranty National Bank judgment, but, instead, had the judgment transferred to B & B Incorporated, which belonged to him and which he used as a holding company, and, in doing so, deprived Empire Investment Corporation of which he was a corporate officer and to which he owed a fiduciary relation, of a valuable corporate opportunity.
3. Buffington, on Dickerson’s demand, transferred the judgment to Dickerson, who was, at the suit, attempting to have the property sold under the execution to collect the entire $55,000 judgment for himself.
4. Buffington’s and Dickerson’s activities in the premises were a joint venture involving the unlawful taking of Empire Investment Corporation’s corporate opportunities, as well as making the usurious loan to it;
5. The assignment of the Deposit Guaranty judgment to B & B Incorporated, Buffington’s corporate creature, was in violation of Buffington’s fiduciary duties to Empire Investment Corporation and should be considered to have created a constructive trust in favor of the Empire Investment Corporation.
6. The subsequent assignment of the judgment from B & B Incorporated to Dickerson was without consideration and void; and
7. The property levied upon and being advertised for sale under the execution is *921 not subject to a judgment lien and enforcement of the judgment should be permanently enjoined.
Decree was accordingly entered adjudicating the property involved to be free from, and not subject to, the lien or encumbrance of the judgment and permanently enjoining the defendants-appellants from enforcing or attempting to enforce the judgment against said property.
We have examined the record, and are of the opinion that no beneficial purpose would be accomplished by reviewing it herein.
The winding trail of the performers in this story of self-gain undertaking, intrigue and stratagem and the web woven along the wandering way challenges the sensibilities of a reasonable man. We are of the opinion that the chancellor correctly decided the issues and is supported by the great weight of the evidence, and that in the decision, equity, which delights in complete justice, has experienced one of its finest hours.
AFFIRMED.
PATTERSON, C. J., SMITH, and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM and LEE, JJ., concur.
BOWLING, J., took no part.